UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
FEB - 4 2005
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

JAMES W. SCHOTTEL, JR., )
)
Plaintiff, )
)
v. ) Case No.
)
TRUMP PRODUCTIONS LLC and )
MARK BURNETT PRODUCTIONS, INC. )  4:05CV00231 ERW
)
Defendants. )

## COMPLAINT

COMES NOW Plaintiff James W. Schottel, Jr., pro se, by and through Schottel & Associates, P.C., and for his Complaint against Defendant Trump Productions LLC and Defendant Mark Burnett Productions, Inc. and states to this Honorable Court the following:

### THE PARTIES AND JURISDICTION

1.   Plaintiff James W. Schottel, Jr. ("Plaintiff") is a citizen and resident of the State of Missouri.

2.   On information and belief, Defendant Trump Productions LLC ("Trump") is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business at 725 5th Avenue, New York, NY 10022.

3.   On information and belief, Defendant Mark Burnett Productions, Inc. ("Burnett") is a corporation organized and existing under the laws of the State of California, with its principal place of business at PMB 208, 9899 Santa Monica Blvd., Beverly Hills, CA 90212.

4.   This Court has jurisdiction on grounds of federal question pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This Complaint is based upon violation(s) of 42 U.S.C. §§ 12101 et seq., the "Americans with Disabilities Act of 1990" (hereinafter referred to as the "ADA").

5. This Court also has jurisdiction on grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 in value, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. Plaintiff seeks a declaratory judgment as provided in 28 U.S.C. § 2201.

## THE BACKROUND FACTS

8. Defendant Burnett in conjunction with Defendant Trump produce a well-known television show entitled "The Apprentice" (hereinafter "The Apprentice").

9. Whereas, according to The Apprentice website, the television show is a "15-week job interview".

10. During the current 15-week job interview of The Apprentice, eighteen (18) applicants have been selected to participate.

11. Each week the applicants are separated into two (2) groups and are directed to complete a task. At the end of the weekly task, Donald Trump, of the Trump Organization, eliminates an applicant from consideration for the job of "The Apprentice".

12. According to The Apprentice website, "The last candidate standing wins the title of "The Apprentice" and will be given a high-level job within The Trump Organization, with a starting salary exceeding six-figures".

13. In the most recent season of The Apprentice, of the eighteen (18) applicants who were selected to appear on the television show/15-week job interview, Donald Trump selected Kelly Perdew, who is now working for Donald Trump and The Trump Organization developing Trump Place on the West Side of Manhattan in the State of New York.

## COUNT I

## ADA DISCRIMINATION

14. Plaintiff reincorporates by reference all allegations of the preceding paragraphs.

15. Plaintiff is thirty-two (32) years of age and a citizen of the United States, who at all times relevant to this Complaint, resided in the Eastern District of Missouri.

16. Plaintiff is a qualified individual with a disability as defined in 42 U.S.C. § 12111 in that Plaintiff suffers from paralysis in his lower extremities as a result of a spinal cord injury that occurred on March 2, 1991. Plaintiff is not ambulatory and relies on the use of a manual wheelchair. Despite the paralysis, Plaintiff is in very good health.

17. Plaintiff is further qualified to perform the essential functions of the corporate employment position as offered through The Apprentice in that:

    (a) Plaintiff has a Bachelor's of Science Degree in Mathematics with a concentration in Secondary Education from Southern Illinois University at Edwardsville;

    (b) Plaintiff has a Juris Doctor from St. Louis University School of Law;

    (c) Plaintiff has patented an invention, U.S. Patent and Trademark #D349,990;

    (d) Plaintiff formed Schottel & Associates, P.C. and has been in the solo practice of law since May, 2000; and

    (e) Plaintiff has further intangible assets.

18. Defendant Burnett and Defendant Trump are employers as defined in 42 U.S.C. § 12111 in that they are agents assisting Donald Trump and The Trump Organization in hiring The Apprentice.

3

19. Defendant Burnett and Defendant Trump are currently accepting applications and conducting preliminary interviews in select cities across the United States to determine who will participate in the 15-week job interview on the television show "The Apprentice".

20. Defendant Burnett and Defendant Trump are currently accepting applications and will be conducting preliminary interviews in the following cities: New York City, Los Angeles, Chicago, Tampa, Washington D.C., Providence, Atlanta, Denver, Seattle, Phoenix, Raleigh-Durham, Detroit, Louisville, San Jose, Houston, Kansas City, Las Vegas, Pittsburgh, San Diego, St. Louis, Orlando, Indianapolis, Dallas, Boise, Albuquerque, New Orleans, Oklahoma City, Columbus and Philadelphia.

21. Defendant Burnett and Defendant Trump have the applications available to the general public and the application packet has specific rules and requirements. (*See Plaintiff's Exhibit 1 attached hereto*).

22. In pertinent part, paragraph II of the "Application Rules and Requirements" state that:

> "You must be in excellent physical and mental health."

23. Additionally, paragraph VI of the "Application Rules and Requirements" state that:

> "Any offer to become a player is conditioned upon your submission to physical and psychological examinations to be conducted in Los Angeles, CA, by medical professionals selected by and paid for by the Producers and the certification of the medical professionals that you meet all physical and psychological requirements."

4

24. Defendant Burnett and Defendant Trump's Application Rules and Requirements, on their face violate 42 U.S.C. § 12112.

25. In 42 U.S.C. § 12112(b)(1) the term "discriminate" includes limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee.

26. In 42 U.S.C. § 12112(b)(3) the term "discriminate" includes utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.

27. In 42 U.S.C. § 12112(b)(5)(B) the term "discriminate" includes denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant.

28. In 42 U.S.C. § 12112(b)(6) the term "discriminate" includes using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity.

29. Pursuant to the preceding paragraph, Plaintiff consents that to be hired as The Apprentice, a corporate executive, Defendant Burnett and Defendant Trump are allowed under the ADA to set mental health requirements and administer mental heath examinations in connection therewith.

30. However, to discriminate as to physical disability with respect to the 15-week job interview and be hired as The Apprentice, is contrary and directly violates the ADA.

31. Despite Plaintiff's disability, Plaintiff can participate in the weekly tasks of the job interview and alternatively, can participate in the weekly tasks of the job interview with a reasonable accommodation.

32. Although Defendant Burnett and Defendant Trump's Application Rules and Requirements, on their face, exclude Plaintiff, Plaintiff has submitted an application.

33. As the preliminary interviews are currently ongoing and one is scheduled for February 11, 2005 in Plaintiff's hometown of St. Louis, Missouri, Plaintiff seeks declaratory relief and a preliminary injunction because of Defendant Burnett and Defendant Trump's discrimination in the application process.

34. Irreparable harm will be caused to Plaintiff if declaratory relief and a preliminary injunction is not granted.

35. There are similarly situated individuals all across the United States.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Enter a declaratory judgment that Defendant Burnett's acts have violated and continue to violate the rights of Plaintiff as secured by 42 U.S.C. §§ 12101 *et seq.*;

b. Enter a declaratory judgment that Defendant Trump's acts have violated and continue to violate the rights of Plaintiff as secured by 42 U.S.C. §§ 12101 *et seq.*;

c. Order that Plaintiff and others similarly situated be permitted to apply and be considered for The Apprentice;

d. Award Plaintiff his costs and disbursements; and

e. Grant Plaintiff such additional relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: _____
James W. Schottel, Jr. #94480
400 North 4th St., Suite 701
St. Louis, Missouri 63102
(314) 421-0350
(314) 421-4060 facsimile

Pro se Plaintiff
James W. Schottel, Jr.

7